# UNITED STATES DISTRICT COURT OF MARYLAND

Dawud W. MAHDI, Third Party Intervenor
    *Plaintiff*
    v.

STATE of MARYLAND, Caliber Home Loans Inc, Trustee, Jeffrey Nadel acting Substitute Trustee et al., Substitute Trustees, Circuit Court for Prince George's County
    *Defendants*



Pursuant to 28 USC §1330

PJM 16 CV 1790

## NOTICE OF REMOVAL

COMES NOW, Dawud W. Mahdi, Plaintiff giving JUDICIAL NOTICE, to the Defendant, Caliber Home Loans, INC. and Trustee, Jeffrey Nadel acting Substitute Trustee et al., Substitute Trustees on behalf of the State of Maryland and the Circuit Court for Prince George's has limited jurisdiction to hear, prosecute, or bring any case against this Plaintiff under the Federal Rules of Civil Procedure 4(j), 12(b)(1), (2), (3),(4),(5) & (6) as well as the 4th, 5th, 9th, 10, 11th and 14th amendments of the Constitution, whereby, the Plaintiff is not subject to a Foreign State.

1. Any subdivision of the Federal State under the legislative, judicial or executive branch including magisterial judges pledging under an Oath of Office in accordance with the Maryland State Constitution and the Maryland statutory laws shall comply with Title 5 USC, Sec. §3331.

2. All oaths of office are subject to 22 CFR, Foreign Relations, Sections §§ 92.12-92.30 and Title 8 USC, Sections §1481.

3. Magisterial judges hold public office under Title 28 USC, Chapter 176, Federal Debt Collection Procedure Section §3002.

4. Attorneys practicing in the State of Maryland is require by statute to have an oath of Oath of Office § GBO -10-212 and are subject to Title 5 USC Sec. §3331; and 22 CFR, Foreign Relations, Sections §§ 92.12-92.30 and Title 8 USC, Sections §1481.

5. Trustee, Laura H.G, O'Sullivan acting Substitute Trustee et al., Substitute Trustees are debt collector as defined by the Fair Debt Collections Practices Act 15 U.S. Code § 1692a (6).

**Title 28, Chapter 176, Federal Debt Collection Procedure, Section §3002**

As used in this chapter:

(1) "Court" means any court created by the Congress of the United States, excluding the United States Tax Court. (3) "Debt" means—

(A) an amount that is owing to the United States on account of a direct loan, or loan insured or guaranteed, by the United States; or (B) an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States, but that is not owing under the terms of a contract originally entered into by only persons other than the United States;

(2) "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt. (15) "United States" means—

(A) a Federal corporation; (B) an agency, department, commission, board, or other entity of the United States; or (C) an instrumentality of the United States.

**NO IMMUNITY UNDER COMMERCE**

(1) All immunity of the United States, and all liability of States, instrumentalities of States, and State officials have been waived under commerce, according to the following US Codes:

Page 2

officials"

(a) Waiver of sovereign immunity by the United States. The United States, all agencies and instrumentalities thereof, and all individuals, firms, corporations, other persons acting for the United States and with the authorization and consent of the United States, shall not be immune from suit in Federal or State court by any person, including any governmental or nongovernmental entity, for any violation under this Act. (b) Waiver of sovereign immunity by States. Any State, instrumentality of a State or any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the eleventh amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person, including any governmental or nongovernmental entity for any violation under this Act.

### Title 42 USC, Sec. §12202, "State immunity"

(1) A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

### Under Title 5 USC, Commerce, public offices or officials can be sanctioned.

Title 5, USC, Sec. §551:

(1) "sanction" includes the whole or a part of an agency—

(A) prohibition, requirement, limitation, or other condition affecting the freedom of a person;(B) withholding of relief;(C) imposition of penalty or fine; (D) destruction, taking, seizure, or withholding of property;(E) assessment of damages, reimbursement, restitution,

compensation, costs, charges, or fees; (F) requirement, revocation, or suspension of a license; or (G) taking other compulsory or restrictive action;

**PREAMBLE - Rights of American citizens in foreign states.**

15 Statutes at Large, Chapter 249 (section 1), enacted July 27, 1868, states the following:

WHEREAS, the right of expatriation is a natural and inherent right of all people, indispensable to the enjoyment of the rights of life, liberty, and the pursuit of happiness; and whereas in the recognition of this principle this government has freely received emigrants from all nations, and invested them with the rights of citizenship; and whereas it is claimed that such American citizens, with their descendants, are subjects of foreign states, owing allegiance to the governments thereof; and whereas it is necessary to the maintenance of public peace that this claim of foreign allegiance should be promptly and finally disavowed.

SECTION I - Right of expatriation declared.

THEREFORE, Be it enacted by the Senate of the House of Representatives of the United States of America in Congress assembled, That any declaration, instruction, opinion, order, or decision of any officers of this government which denies, restricts, impairs, or questions the right of expatriation, is hereby declared inconsistent with the fundamental principles of this government.

SECTION II - Protection to naturalized citizens in foreign states.

And it is further enacted, That all naturalized citizens of the United States, while in foreign states, shall be entitled to, and shall receive from this government, the same protection of persons and property that is accorded to native born citizens in like situations and circumstances.

## LANGUAGE NOT CLARIFIED

(1) Trustee, ~~Edward H.S. O'Sullivan~~ Jeffrey Nadel acting Substitute Trustee et al., Substitute Trustees on behalf of the State of Maryland The State of Maryland and the Circuit Court for ~~Baltimore City~~ Prince George's County have failed to state the meaning or clarify the definition of words. The Plaintiff places before this Court legal definitions and terms. This Court, the Circuit Court of Baltimore City pursuant to the Federal Rules of Civil Procedure (FRCP) Rule 4(j), is, in fact and at law, a FOREIGN STATE as defined in Title 28 USC §1602, et. seq., the FOREIGN SOVEREIGN IMMUNITIES ACT of 1976, Pub. L. 94-583 (hereafter FSIA), and, therefore, lacks jurisdiction in the above captioned case. The above-mentioned "real party in interest" ~~Eric Cato~~ Dawud W. Mahdi, hereby was denied full disclosure of the true and limited jurisdiction of this court. Any such failure violates 18 USC §1001, §1505, and §2331. This now violates the PATRIOT ACT, Section 800, Domestic terrorism.

A. There are three different and distinct forms of the "United States" as revealed by this case law:

"The high Court confirmed that the term "United States" can and does mean three completely different things, depending on the context." Hooven & Allison Co. vs. Evatt, 324 U.S. 652 (1945); United States v. Cruikshank, 92 U.S. 542 (1876) and United States v. Bevans, 16 U.S. 3 Wheat. 336 336 (1818)

(2) The State of Maryland and the Circuit Court for ~~Baltimore City~~ Prince George's and its officers have failed to state which United States they represent, since they can represent only one, and it's under Federal Debt Collection Procedure, as a corporation, the United States has no jurisdiction over the Plaintiff. Circuit Court for ~~Baltimore City~~ Prince George's failed to state its true nature cause and jurisdiction.

## TABLE OF AUTHORITIES—LACK OF SUBJECT MATTER JURISDICTION

(1) In a court of limited jurisdiction, whenever a party denies that the court has subject-matter

jurisdiction, it becomes the duty and the burden of the party claiming that the court has subject matter jurisdiction to provide evidence from the record of the case that the court holds subject-matter jurisdiction. Bindell v City of Harvey, 212 Ill.App.3d 1042, 571 N.E.2d 1017 (1st Dist. 1991) ("the burden of proving jurisdiction rests upon the party asserting it. In re:Loos v American Energy Savers, Inc., 168 Ill.App.3d 558, 522 N.E.2d 841(1988) ("Where jurisdiction is contested, the burden of establishing it rests upon the plaintiff."). The law places the duty and burden of subject-matter jurisdiction upon the plaintiff. Should the court attempt to place the burden upon the defendant, the court has acted against the law, violates the defendant's due process rights, and the judge under court decisions has immediately lost subject-matter jurisdiction. In a court of limited jurisdiction, the court must proceed exactly according to the law or statute under which it operates. In re: Flake v Pretzel, 381 Ill. 498, 46 N.E.2d 375 (1943) ("the actions, being statutory proceedings, ...were void for want of power to make them.") ("The judgments were based on orders which were void because the court exceeded its jurisdiction in entering them. Where a court, after acquiring jurisdiction of a subject matter, as here, transcends the limits of the jurisdiction conferred, its judgment is void."); Armstrong v Obucino, 300 Ill. 140, 143, 133 N.E. 58 (1921).

**Defendant hereby asserts the right of immunity inherent in the 11th amendment:**

(1) "The judicial power shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens of any Foreign State." This court, by definition is a FOREIGN STATE, and is misusing the name of this american national by placing Plaintiff's name in all capital letters,

as well as by using Plaintiff's last name to construe Plaintiff erroneously, as a "person" which is a "term of art" meaning: a creature of the law, an artificial being, and a CORPORATION or ens legis:

"Ens Legis. Lat. A creature of the law; an artificial being, as contrasted with a natural person. Applied to corporations, considered as deriving their existence entirely from the law." —Blacks Law Dictionary, 4th Edition, 1951.

(2) All complaints and suits against such CORPORATION, or ens legis, fall under the aforementioned FSIA and service of process must therefore be made by the clerk of the court, under Section 1608(a)(4) of Title 28 USC, 63 Stat. 111, as amended (22 U.S.C. 2658) [42 FR 6367, Feb. 2, 1977, as amended at 63 FR 16687, Apr. 6, 1998], to the Director of the Office of Special Consular Services in the Bureau of Consular Affairs, Department of State, in Washington, D.C., exclusively, pursuant to 22 CFR §93.1 and §93.2. A copy of the FSIA must be filed with the complaint along with "a certified copy of the diplomatic note of transmittal," and, "the certification shall state the date and place the documents were delivered." The foregoing must be served upon the Chief Executive Officer and upon the Registered Agent of the designated CORPORATION or FOREIGN STATE.

(3) MUNICIPAL, COUNTY, or STATE COURTS lack jurisdiction to hear any case since they fall under the definition of FOREIGN STATE, and under all related definitions below. Said jurisdiction lies with the "district court of the United States," established by Congress in the states under Article III of the Constitution, which are "constitutional courts" and do not include the territorial courts created under Article IV, Section 3, Clause 2, which are "legislative" courts. Hornbuckle v. Toombs, 85 U.S. 648, 21 L.Ed. 966 (1873), (See Title 28 USC, Rule

1101), exclusively, under the FSIA Statutes pursuant to 28 USC §1330.

(4) It is an undisputed, conclusive presumption that the above-mentioned real party in interest is a not a CORPORATION, and, further, is not registered with the Maryland Secretary of State or any Secretary of State as a CORPORATION. Pursuant to Rule 12(b)(6), the Defendants, Caliber Home Loans Inc. Jeffrey Nadel ~~Selene Financial, LLP~~, and Trustee, ~~Laura H.G. O'Sullivan~~ acting Substitute Trustee et al., Substitute Trustees on behalf of the State of Maryland and the Circuit Court for ~~Baltimore City~~ Prince George's has failed to state a claim for which relief can be granted to the Plaintiff. This is a FATAL DEFECT, and, therefore, the instant case ACTION IN FORECLOSURE Case No. CAEF14-15384 Prince George's ~~24-01-300-3240~~ in the Circuit Court of ~~Baltimore City~~ must be vacated for lack of in rem, in personam jurisdiction, territorial and subject matter jurisdiction, as well as for improper Venue, as well as pursuant to the 11th amendment Foreign State Immunity.

Dawud W. Mahdi

3239 Beaumont Street Temple Hills, MD[20748]