## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAWUD W. MAHDI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  PJM-16-1790 |
| | * | |
| STATE OF MARYLAND, | * | |
| CALIBER HOME LOANS, INC., | * | |
| TRUSTEE JEFFREY NADEL, Substitute | * | |
|  Trustee et al., | * | |
| SUBSTITUTE TRUSTEES, | * | |
| CIRCUIT COURT FOR PRINCE | * | |
|  GEORGE'S COUNTY, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

On June 2, 2016, Dawud W. Mahdi, who describes himself in the caption of his filing as a "third party intervenor,"  filed a self-represented Notice of Removal of case number CAEF-14-15384 from the Circuit Court for Prince George's Court, Maryland to the District of Maryland and a Motion for Leave to Proceed in Forma Pauperis.[1] ECF 1, 2. Mahdi cites a litany of constitutional provisions, federal statutes, and regulations pursuant to which he brings this action, including the Fourth, Fifth, Ninth, Tenth, Eleventh, and Fourteenth Amendments of the Constitution, the Fair Debt Collections Practices Act, 15 U.S.C. § 1692a(6), 5 U.S.C. §551, 18 U.S.C. §§ 1001, 1505, 2331, and 22 CFR § 92.12-92.30.  There are no grounds to suggest the Freedom of Information Act, 5 U.S.C. § 551, criminal statutes at 18 U.S.C. §1001 (false statements in federal proceedings); 18 U.S.C. §1505 (obstruction of federal proceedings) or 18

---

[1]  Mahdi removed this matter under the caption as indicated above.  Mahdi has followed incorrect procedure by calling himself  "Plaintiff" in the captioning of this matter.  If this is in fact a removal of an underlying action in state court, *see supra* note 2, Mahdi has reversed the parties' roles.

U.S.C. §2331 (international terrorism) or federal regulations at 22 CFR § 92.12-92.30 (certification by notary) are relevant to Mahdi's state foreclosure proceeding.

As relief, Mahdi seeks to vacate a Circuit Court for Prince George's County decision in a foreclosure proceeding for "lack of in rem, in personam, territorial, and subject matter jurisdiction, as well as for improper venue, as well as pursuant to the 11th Amendment Foreign State Immunity." ECF 1, Complaint, p. 8. For reasons to follow, this case will be remanded to the Circuit Court for Prince Georges County.

## DISCUSSION

As a preliminary matter, Mahdi's financial information submitted in support of the Motion to Proceed in Forma Pauperis is incomplete. Mahdi has not answered questions about expenses or other questions posed in the required financial affidavit. ECF 2. Further, Mahdi filed no documents from the state court proceeding with the Notice of Removal. Of note, Court personnel have been unable to locate the case Mahdi seeks to remove on the Maryland Judiciary case search website http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.[2] Requiring Mahdi to correct these deficiencies would unnecessarily delay resolution of this matter.

"[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may ... be raised sua sponte by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As such, subject-matter jurisdiction

---

[2] CAEF-14-15384 is not listed as an active or pending case. The Maryland Case Search website show Mahdi is a party in three pending civil action in the Circuit Court for Prince George's County, *Nadel v. Hairston*, case CAEF1604271; *U.S.A v. Mahdi*, case FL122023, and *Capitol One Bank USA N.A. v. Mahdi*, case NL150786. http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

The removal statute provides that any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the federal district where the action is pending. *See* 28 U.S.C. §1441(a). To effectuate removal, the defendant must file a notice of removal in the district court within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief in the action. *Id.* §1446(a) & (b). Mahdi provides no evidence he has satisfied this requirement. Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005); *see also Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (stating removal jurisdiction is strictly construed). The removing party has the burden of proving subject matter jurisdiction. *Id.; Johnson v. Nutrex Research, Inc.*, 429 F.Supp.2d 723, 726 (D. Md. 2006).

Even if Mahdi timely removed the action, jurisdiction is lacking. First, Mahdi's summary recitation of statutory citations without supporting facts fails to provide grounds to establish federal question subject matter jurisdiction. 28 U.S.C. §1331; s*ee, e.g., Thomas v. Burlington Indus., Inc.,* 763 F. Supp. 1570, 1576 (S.D. Fla. 1991) ("Removal based on the existence of a federal question, nevertheless, must allege all facts essential to the existence of that federal question. Consequently, a notice of removal based upon a 'bare-bones contention' …is subject to remand.") (citations omitted). Second, Mahdi alleges no grounds to establish diversity of the parties' jurisdiction pursuant to 28 U.S.C. §1332. Rather, this action appears predicated on an *in*

*rem* foreclosure proceeding filed pursuant to Maryland state law against property located in Maryland.

Notably, even if Mahdi had demonstrated jurisdiction, he may not re-litigate orders entered in the state foreclosure action in this court. Under the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see* 28 U.S.C. § 1257(a). "Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Sanders v. Cohn, Goldberg & Deutsch, LLC*, Civil Action No. DKC 15-1571, 2016 WL 223040, at *4 (D. Md. Jan. 19, 2016) (internal quotations and citations omitted); *see id*. (listing cases).  The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). It bars "lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.'" *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *Feldman*, 460 U.S. at 486); *see Plyler,* 129 F.3d at 731.  In sum, the *Rooker-Feldman* doctrine precludes Mahdi's efforts to pursue vacatur of the state court's decision in this court.

**CONCLUSION**

For these reasons, the court lacks jurisdiction to consider this case and the matter will be remanded to the Circuit Court for Prince Georges County for all matters as may be appropriate. A separate Order follows.

_____/s/_____
PETER J. MESSITTE
June 8, 2016                                  UNITED STATES DISTRICT JUDGE